**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| T.C., ON BEHALF OF HER MINOR CHILD, S.C. | ) ) ) | |
| PLAINTIFF, | ) ) | |
| V. | ) ) | Case No. 3:17-CV-01098 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE D/B/A METROPOLITAN NASHVILLE PUBLIC SCHOOLS, | ) ) ) ) ) ) | |
| DEFENDANT. | ) ) | |

## AMENDED COMPLAINT

Comes Plaintiff and amends her Complaint of July 31, 2017, pursuant to Fed. R. Civ. P.

15(a)(1)(A), the Defendant having failed to file a responsive pleading by August 11, 2017, as

follows:

Comes Plaintiff, T.C. on behalf of her minor child S.C., and brings this cause of action

against Defendant, the Metropolitan Government of Nashville and Davidson County, Tennessee

D/B/A Metropolitan Nashville Public Schools for violations of Title IX of the Education

Amendments of 1972, 20 U.S.C. §§1681 *et seq*. and violations of 42 U.S.C. § 1983.

## PARTIES

1.    T.C.[1] is the mother of S.C. and is a resident of Davidson County, Tennessee.

---

[1] The names of the Plaintiffs have been withheld due to the sensitive nature of the subject matter of this action. Instead, Plaintiffs' initials have been used pursuant to Fed. R. Civ. P. 5.2(a)(3). While T.C. is not a minor, her name has also been withheld to protect the identity of the minor child. The identities of the Plaintiffs will be provided to Defendant's attorney upon request.

1

2.       S.C. is a minor child in the custody of T.C. and is a resident of Davidson County, Tennessee. At the time of the events described herein, S.C. was a 15-year-old student in the ninth grade at Hunters Lane High School.

3.       Metropolitan Government of Nashville Davidson County Tennessee D/B/A Metropolitan Nashville Public schools is a governmental entity receiving state and federal funds to operate the Metropolitan Nashville Public School System (hereinafter "Defendant").

## JURISDICTION AND VENUE

4.       This Court has jurisdiction pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq.*, and 42 U.S.C. §1983.

5.       Jurisdiction over the Defendant is proper as Defendant, through its school board, operates the public schools for Davidson County, Tennessee, including Hunters Lane High School. Defendant receives state and federal funding to operate Hunters Lane High School and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) and 42 U.S.C. §1983.

6.       Venue is proper in that the acts complained of occurred in the Middle District of Tennessee, namely in Nashville, Tennessee at Hunters Lane High School.

## FACTS

### DEFENDANT'S OBLIGATIONS UNDER TITLE IX AND §1983

7.       Defendant has an obligation under Title IX and the U.S. Constitution to prevent the exclusion of female students from educational opportunities in the public school system due to sexual harassment and violence. The United States Department of Education's Office for Civil

2

Rights ("OCR") has issued guidance documents to Defendant, including "Dear Colleague" letters, which explain a school's obligations and responsibilities under Title IX. This guidance also applies to a §1983 claim for equal protection in education based on gender.

8. In particular, the guidance issued by the OCR includes a school's obligation to do the following:

a. Appoint and train a Title IX coordinator and provide visibility to students and parents of the availability of such coordinator.

b. Adopt, publish, and provide notice to students and parents of grievance procedures providing for the prompt and equitable resolution of student sex discrimination complaints.

c. Independently investigate complaints of sexual harassment or violence, apart from any separate criminal investigation by local police.

d. Establish appropriate disciplinary policies that do not have a chilling effect on victims' or other students' reporting of sexual harassment.

e. Notify the complainant of his or her options to avoid contact with the alleged perpetrator(s) and allow the complainant to change academic and extracurricular activities.

f. Take proactive measures to eliminate a hostile environment and prevent recurrence of any sexual harassment or violence.

g. Provide age-appropriate training regarding Title IX, including training on the school's process for handling complaints.

9. At all times relevant hereto, Defendant was fully aware of its obligations under Title IX, as the OCR documents were linked on the website of Metro Nashville Public Schools,

3

under the general heading of Policies and Procedures. These documents were attached as Exhibits 1-4 to the original Complaint of July 31, 2017.

10.     Additionally, Defendant had further notice of its obligations under Title IX as Defendant was previously sued in the case of *Lopez v. Metropolitan Government of Nashville and Davidson County*, Case No. 3:07-CV-799, Middle District of Tennessee, Nashville Division, for which a consent decree was entered in 2010.

NOTICE OF HOSTILE SEXUAL ENVIRONMENT

11.     Prior to the incident at issue, the administration of Hunters Lane High School was aware that students engaged in inappropriate behavior, including intimate interactions in common areas in the presence of school staff, which was previously witnessed by T.C. while picking up S.C. from school.

12.     Furthermore, the administration of Hunters Lane High School was aware that the activity of videotaping sexual acts, unbeknownst to the female student involved, had previously occurred at the school.

13.     The practice of videotaping sexual acts was so widespread within the Defendant's school system that the students nicknamed the activity "exposing" the female victim, who was thereafter ridiculed as a "slut" or "whore" as the videotape circulated within the school and on the internet.

14.     The administration of Hunters Lane High School was aware that at least three incidences of "exposing" had occurred within Defendant's school system prior to the incident complained of herein, two of which took place at Hunters Lane High School. On each of these occasions, a female student was subjected to unwelcome sexual activity, which was videotaped

4

and circulated within the school and on the internet, resulting in each female student being unable to remain in school due to ongoing harassment and bullying.

15. Accordingly, the Defendant was fully aware that such conduct was occurring within its school system, and specifically at Hunters Lane High School.

16. The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide prevalence of sexual harassment and bullying, known as "exposing," that was occurring within its school system.

17. The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' rights to educational opportunities.

18. The OCR's "Dear Colleague" letter of April 4, 2011 states that during the 2007-2008 school year alone, there were 800 reported incidents of rape or attempted rape and 3,800 reported incidents of sexual batteries at public high schools. See Exhibit 3. Defendant knew or should have known of these statistics as it was a recipient of the April 4 letter. Based on such statistics, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims could result in the creation of a hostile environment for female students and thus violate a student's rights.

DESCRIPTION OF OCCURRENCE

19. On or about April 17, 2017, S.C. was pulled into an unlocked classroom and subjected to unwelcome sexual conduct by a male student.

20. This incident was videotaped on the phone of a third student who was surreptitiously lurking in the back of the classroom, unnoticed by S.C. On information and belief,

5

the entire incident was preplanned by the student who engaged in the unwelcome sexual activity with S.C. and the student who videotaped the activity, consistent with the trend of "exposing" female students.

21.     The classroom was unsupervised and improperly unlocked, which provided the opportunity for the unwelcome sexual conduct to occur.

22.     The administration of Hunters Lane High School was aware of the risk that sexual behavior, welcome or unwelcome, might occur if students were allowed to be in classrooms unattended.

23.     The administration of Hunters Lane High School became aware of the incident involving S.C. and the recording of the incident as the videotape began circulating on students' phones and on the internet.

24.     The school's administration chose to discipline the male student who participated in the unwelcome sexual activity, the student who recorded and circulated the videotape, as well as the victim, S.C., with a three-day suspension each.

25.     The Defendant's punishment of S.C., the victim in this incident, was in direct violation of the OCR's guidance against disciplinary policies that may have a chilling effect on victims' reporting and/or seeking redress for sexual harassment.

26.      Even though the school administration was aware that students were circulating the videotape, such students were not disciplined to aid in prevention of the same type of activity occurring and continuing. T.C. was told that the videotape was simply erased from students' phones. However, the administration did not expel or substantially punish any of the individuals involved in "exposing" S.C or in circulating the video at the school and to the public at large.

6

27.     Although a criminal investigation was begun by the local police, the school administration never conducted an independent investigation as required by Title IX, choosing to defer to the criminal investigation, which has a much higher threshold than a Title IX violation.

28.     According to the "Dear Colleague" letter of April 24, 2015, attached to the original Complaint as Exhibit 4, Defendant is required to (1) notify students and employees of the *name* and contact information of the Title IX coordinator, (2) include complete and current information about the coordinator on its website, neither of which were done by the Defendant. See Exhibit 5 hereto where the only mention of a Title IX coordinator on the Defendant's website is the general contact information listed in the Notice of Non-Discrimination.

29.     Plaintiff, nor S.C., were ever informed of Title IX requirements, nor put in touch with the Title IX coordinator.

30.     Defendant failed to adequately educate and inform the students at Hunters Lane High School of the requirements of Title IX, failed to prevent the creation of a hostile sexual environment, and failed to adequately assist those who were sexually harassed or assaulted.

31.     Defendant further failed to adequately educate, warn, and properly discipline students who engaged in sexual harassment and/or assault and/or sexual cyber bullying in order to sufficiently discourage the activity perpetrated on S.C.

32.     The administration of Hunters Lane High School was aware that S.C. was subjected to vicious threats and bullying due to the videotape and the perception that S.C. instigated the minimal punishment the others received.

33.     The administration of Hunters Lane High School failed to adequately address the issues of harassment and cyber bullying, thereby preventing female students from obtaining an education in a safe environment.

7

34.     S.C. was unable to return to Hunters Lane High School due to fear and severe emotional distress resulting from multiple threats, harassment, and bullying she received as a result of the circulation of the videotape, as well as the inadequate punishment those responsible had received, all of which the principal was aware.

35.     S.C. began to receive medical care due to the emotional toll of the continued harassment and was forced to complete her classes from home. Despite knowledge of her trauma, the administration was unhelpful in assisting S.C. in completing her coursework from home, and Plaintiff was required to go to great lengths to ensure her daughter's completion of the 2017 spring semester.

36.     Throughout the summer of 2017, Defendant has made no effort to contact, much less reassure, Plaintiff that S.C. would be educated in a safe environment free of sexual ridicule and harassment. Due to the failure to properly train the administration and employees regarding Title IX, the lack of contact from a Title IX coordinator, and the failure of Defendant to establish a plan to comply with Title IX, Plaintiff intends to homeschool S.C. for the upcoming school year.

37.      S.C. continues to suffer from emotional and mental distress and will continue to receive counseling as a result.

38.     S.C. is aware that the videotape of the incident continues to circulate in the Defendant's school system and on the internet, causing S.C. severe emotional distress.

39.     S.C.'s injuries were closely related to or actually caused by the Defendant's failure to comply with Title IX by failing to adequately train its employees to prevent such sexual harassment in the first instance and, if occurring, to investigate and mitigate ongoing harassment.

40.     If the administration of Hunters Lane High School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent

8

investigation, adequately disciplining the students involved, refraining from disciplining the victim herself, taking effective steps to prevent the creation of a hostile environment in the first place, by properly addressing the widespread practice of "exposing," and taking necessary measures to curtail the circulation of the video after the incident, S.C. would not have suffered the injuries endured.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF TITLE IX *BEFORE* INCIDENT

41.     Plaintiff asserts that the conduct set forth above, in paragraphs 1-40, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

42.     Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and the clearly unreasonable acts and omissions that created a hostile sexual environment to female students *before* the instance of unwelcome sexual conduct to S.C.

43.     Defendant failed to comply with Title IX *before* the incident at issue occurred by:

    a.      Failing to adequately train its employees of the requirements of Title IX.

    b.      Failing to educate students about Title IX.

    c.      Failing to inform students of the ramifications for engaging in conduct that violated Title IX.

    d.      Permitting inappropriate sexual conduct between students to occur in the presence of school staff.

    e.      Creating an environment that enabled sexual conduct to occur by allowing classrooms to remain unlocked and unsupervised.

9

f.      Failing to take appropriate action to address and curtail the system-wide practice of "exposing" individuals through malicious harassment and bullying, even though the Defendant was fully aware that such activity was occurring in its school system.

g.      Failing to adequately discipline students engaged in behavior that creates a discriminatory and hostile environment for female students.

h.      Failing to educate, warn, and discipline students for recording and circulating videos of sexual acts involving other students.

44.    Had the Defendant complied with Title IX before the incident occurred, the complained of harassment and/or unwelcome sexual activity would have been prevented.

## COUNT II – VIOLATION OF TITLE IX *AFTER* INCIDENT

45.    Plaintiff asserts that the conduct set forth above, in paragraphs 1-40, constitutes a violation of Title IX of the Education Act of 1972, 20 U.S.C.§1681(a) *et seq*.

46.    S.C. was subjected to student-on-student sex-based harassment, that was so severe, pervasive, and objectively offensive that it created a hostile educational environment and deprived S.C. of educational opportunities and benefits provided by the school.

47.    Plaintiff alleges that Defendant had actual knowledge of (1) the sexual assault and (2) the continuing harassment, but failed to promptly and appropriately respond, instead acting with deliberate indifference.

48.    Defendant's policies discourage sexual assault victims from coming forward and have a disparate impact on female students, further demonstrating deliberate indifference.

10

49.     Plaintiff asserts that Defendant failed to comply with Title IX through deliberate indifference and a clearly unreasonable response *after* unwelcome sexual conduct occurred that created an environment of continued harassment.

50.     Defendant violated Title IX *after* the incident at issue occurred by:

    a.    Failing to inform Plaintiff of the requirements of Title IX.

    b.    Failing to inform Plaintiff of the existence of a Title IX coordinator.

    c.    Failing to conduct a Title IX investigation separate and apart from the criminal investigation.

    d.    Punishing the victim, S.C.

    e.    Failing to adequately punish the student who engaged in the unwelcome sexual activity.

    f.    Failing to adequately punish the student who recorded and circulated the videotape of the unwelcome sexual activity.

    g.    Failing to adequately punish or deter all students from circulating the videotape of the sexual activity.

    h.    Failing to exercise control over the alleged harassment.

    i.    Failing to take adequate steps to allow the Plaintiff to complete her education in a safe environment free of sexual harassment and ridicule.

    j.    Failing to prepare or implement a plan to permit S.C. to return to the public school system without fear of ongoing harassment and ridicule.

51.     Compliance with Title IX after the incident occurred would have prevented the continued harassment and ridicule, which ultimately resulted in the inability of S.C. to remain in school.

11

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 FAILURE TO TRAIN

52.      Plaintiff asserts that the conduct set forth above, in paragraphs 1-40, constitutes a violation of 42 U.S.C. § 1983, which resulted in the inability of S.C. to remain in school.

53.      Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by failing to train its employees on the proper handling of complaints of sexual assault and harassment.

54.      The training provided by Defendant to its employees was either inadequate, or completely nonexistent, based on the failure of the Defendant to address the system-wide prevalence of known severe, pervasive, and objectively offensive sexual harassment and bullying, known as "exposing," that was occurring within its school system.

55.      The training provided by Defendant to its employees was either inadequate, or completely nonexistent, further based on the utter failure of the Hunters Lane High School administration to comply with Title IX requirements in response to the incident involving S.C.

56.      The inadequacy, or nonexistence, of such training was the result of the Defendant's deliberate indifference to the rights of its female students because the foreseeable consequence of such inadequacy was a violation of students' equal protection rights.

57.       Based on the statistics contained in the OCR's April 4, 2011 letter, as outlined in paragraph 18 above, of which Defendants were on notice, it is foreseeable that the failure to train school staff on the proper handling of sexual assault claims could result in the creation of a hostile environment for female students and thus violate a student's equal protection rights.

58.      S.C.'s injuries were closely related to or actually caused by the Defendant's failure to adequately train its employees.

12

59.     If the principal and administration of Hunters Lane High School had been properly trained to comply with Title IX, and had followed its requirements by conducting an independent investigation, adequately disciplining the students involved, refraining from disciplining the victim herself, taking effective steps to prevent the creation of a hostile environment in the first place by properly addressing the widespread practice of "exposing," and taking necessary measures to curtail the circulation of the video after the incident, S.C. would not have suffered the injuries endured.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983 DELIBERATE INDIFFERENCE TO ONGOING HARASSMENT

60.     Plaintiff asserts that the conduct set forth above, in paragraphs 1-40, constitutes a violation of 42 U.S.C. § 1983.

61.     Plaintiff asserts that the Defendant violated the equal protection clause of the Fourteenth Amendment of the U.S. Constitution by its inadequate response to the incident and its deliberate indifference to the ongoing harassment, which resulted in the inability of S.C. to remain in school.

## DAMAGES

62.     As a result of the Defendant's acts and omissions as set forth above, S.C. has suffered emotional injuries, including severe humiliation, embarrassment, loss of enjoyment of life, and loss of educational opportunity.

63.     Plaintiff therefore seeks damages for past and future medical expenses, past and future pain and suffering, past and future emotional injuries, including severe humiliation and embarrassment, past and future loss of enjoyment of life, past and future loss of educational

13

opportunity, and all other damages available for violations of Title IX and 42 U.S.C. § 1983, including punitive damages to deter future noncompliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     That process issue requiring the Defendant to answer within the time provided by law;

2.     An award of all damages available under Title IX, including but not limited to, payment of S.C.'s expenses incurred as a consequence of the Title IX violations, damages for deprivation of equal access to the educational benefits and opportunities provided by the Defendant, and damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, and loss of past, present, and future enjoyment of life, in the amount of $3,000,000.00;

3.     An award of punitive damages pursuant to 42 U.S.C. § 1983.

4.     Injunctive relief requiring Defendant to comply with the requirements of Title IX as outlined in the OCR's "Dear Colleague" letters, attached as Exhibits 1-4 to the original Complaint.

5.     Reasonable attorney's fees pursuant to 42 U.S.C. §1988 (b) and/or other statutory authority;

6.     Such further relief that this Court deems proper to enforce Title IX in the Nashville Metropolitan Public School District.

14

Respectfully Submitted,


_s/ Stephen Crofford_____
Stephen Crofford #12039
Mary Parker #6016
**PARKER AND CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445
stephencrofford@msn.com
mparker@parker-crofford.com

Attorneys for Plaintiff




<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this Amended Complaint was served upon the defendant by the Courts electronic filing system and mailed by U.S. mail postage prepaid to the Attorney listed below.

William Safley
Deputy Director of Law
Department of Law
Metro Courthouse, Suite 108
Nashville, TN 37201
mike.safley@nashville.gov


<u>S/Stephen Crofford</u>

15