No. 19-0508

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 24, 2020
DEBORAH S. HUNT, Clerk

In re: METROPOLITAN GOVERNMENT OF )
NASHVILLE & DAVIDSON COUNTY, TN, dba )
Metropolitan Nashville Public Schools, )
 ) O R D E R
Petitioner. )

Before: KETHLEDGE, BUSH, and MURPHY, Circuit Judges.

The Metropolitan Government of Nashville & Davidson County ("Metro") has petitioned for our permission to appeal an interlocutory order of the district court granting in part and denying in part its motion for summary judgment. *See* 28 U.S.C. § 1292(b). Plaintiffs in this action—the parents of minor female students S.C., Jane Doe, Sally Doe and Mary Doe—sue Metro under Title IX and § 1983. Other students videotaped S.C., Jane Doe, Sally Doe, and Mary Doe without their consent while they were engaged in sexual conduct on school premises, and then circulated the videos to the victims' peers.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the Supreme Court held that a student who has been sexually harassed by another student has a private cause of action against the school under this provision if the victim can show that the school acted "with deliberate indifference to known acts of harassment." *Id.* at 633. Plaintiffs in this case alleged that, *before* the specific incidents in question, Metro had obtained the required "notice" under Title IX because it knew of the general "risk of the dissemination of sexual images of its students without their

consent" based on prior incidents involving other students. *T.C. ex rel. S.C. v. Metro. Govt. of Nashville*, 378 F. Supp. 3d 651, 668 (M.D. Tenn. 2019). And Plaintiffs further alleged that Metro was deliberately indifferent to this general risk, as shown by the "widespread failures of training, coordination, and monitoring by MNPS administrators." *Id.* at 677. The district court held that these types of "'before' claims" were cognizable under Title IX, *id.* at 668–71, and that Plaintiffs had raised a genuine issue of material fact, *id.* at 677–80. That was so, even though the district court recognized that Metro "did not, for the most part, have warning about the specific students addressed in these cases or the specific acts that would occur." *Id.* at 670. The court nevertheless certified this issue (and one other one) for an interlocutory appeal under § 1292(b).

We delayed ruling on Metro's petition pending the outcome of *Kollaritsch v. Michigan State University Board of Trustees*, __ F.3d __, 2019 WL 6766998 (6th Cir. Dec. 12, 2019), which raised similar issues. In *Kollaritsch*, we indicated that "a student-victim plaintiff must plead, and ultimately prove, that the school had actual knowledge of actionable sexual harassment and that the school's deliberate indifference to it resulted in further actionable sexual harassment against the student-victim, which caused the Title IX injuries." *Id.* at *1. In *Kollaritsch*, we noted that the initial sexual harassment that triggers a school's notice and the later sexual harassment caused by its unreasonable response "must be inflicted against the same victim." *Id.* at *4. That analysis could affect the district court's decision. But we think it prudent to let the district court decide, in the first instance, *Kollaritsch*'s effect (if any) on these facts. We therefore **GRANT** Metro's petition for permission to appeal, **VACATE** the district court's summary-judgment decision, and **REMAND** for its reconsideration in light of our recent *Kollaritsch* decision.

                                      ENTERED BY ORDER OF THE COURT

                                      Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 24, 2020

Ms. Mary Ann Parker
Parker & Crofford
1230 Second Avenue, S.
Nashville, TN 37210

Ms. Melissa Roberge
Metropolitan Department of Law
P.O. Box 196300
Nashville, TN 37219

Re: Case No. 19-508, *In re: Metropolitan Govt of Nashville*
Originating Case No. : 3:17-cv-01098 : 3:17-cv-01159 : 3:17-cv-01209 : 3:17-cv-01277 :
3:17-cv-01427

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jill E Colyer
Case Manager
Direct Dial No. 513-564-7024

cc: Mr. Stephen C. Crofford
    Mr. Kirk L. Davies
    Mr. J. Brooks Fox
    Ms. Vicki Kinkade
    Ms. Keli J. Oliver

Enclosure

No mandate to issue